MATHIAS, Judge,
dissenting.
[12] I respectfully dissent from the majority’s conclusion that the trial court abused its discretion by ruling on the Bank’s motion without a hearing.
[13] The majority concludes that Indiana Code section 32-30-10.5-8.6 could be read to dispense with a hearing, but only if the trial court has before it “a debtor’s current financial information on which to base its determination of a debt- or’s monthly obligation.” Op. at pp. 910-11. Because the trial court here did not have before it “information from which it could determine the Yeagers’ ability to pay, such as their earnings from any employment, income from other sources, or other assets,” the majority concludes that a hearing is required at which such evidence can be presented. Id. at p. 911.
[14] This, however, presumes that the trial court is required to consider the debt- or’s ability to pay. The language of section 32-30-10.5-8.6, however, imposes no such obligation. To be sure, the statute provides that amount of the monthly payment “shall” be determined by the trial court. However, it also clearly provides that the trial court “may base its determination on the debtor’s ability to pay.” I.C. § 32-30-10.5-8.6(b)(l). This is permissive, not mandatory, language. United Rural Elec. Membership Corp. v. Indiana & Michigan Elec. Co., 549 N.E.2d 1019, 1022 n. 9 (Ind.1990).
[15] The only restriction on the trial court’s discretion is contained in the following subsection, which provides that the monthly payment determined by the trial court “may not exceed the debtor’s monthly obligation under the mortgage at the time the action is filed.” Id. at § 8.6(b)(2).
*912 [16] I, therefore, read the statute -as stating that the trial court permissively “may” consider the debtor’s ability to pay but is not required to do so, so long as the monthly payment determined by the trial court does not exceed the debtor’s monthly mortgage obligation at issue.
[17] Here, the trial court determined that the monthly payment should be equal to the monthly mortgage obligation. This was within the trial court’s discretion under the statute, and I see no reason to remand for a hearing to require the trial court to consider something, i.e., the debt- or’s ability to pay, which the controlling statute does not require the trial court to consider. Although it might be a better policy to require the trial court to consider the debtor’s ability to pay, the statute does not require this, and I do hot believe we are at liberty to engraft such a requirement onto the clear language of the statute.